*Sweeny & S.,* for appellant.

*Ray & Hardin,* for appellee.

---

J. C. VANARSDAL *v.* COMMONWEALTH, FOR USE OF MERCER CO. COURT.

**Sheriffs—Official Bond—Failure of Commissioner to Settle—Risk of Sureties Increased by Order of Court.**

A mere omission of the court of officers whose duty it is to require collectors of public dues to make regular settlements and to account promptly for the public moneys in their hands, will not of itself discharge the sureties of the collector from liability, but the sureties do not agree to be responsible for the funds retained in the hands of their principal under orders of the court.

**Same—Laches—Sureties Released.**

Where, by the action of a county court, in deferring a settlement with the sheriff, the appointment of commissioners to adjust a balance due by the sheriff some four months after the last day required by law, and said settlement deferred for a year, such laches will release the sureties on the sheriff's bond an account of whatever balance remains in the sheriff's hands after the January return day.

APPEAL FROM MERCER CIRCUIT COURT.

January 24, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

The sheriff, Vanarsdal, was by virtue of his office the collector of the county levy for Mercer county for the year 1863. The conditions of his bond were that he would "well and truly collect, account for, and pay over to the persons entitled to receive the same, according to law, the county levy and public dues of the

county of Mercer for the year 1863, and that he *'would,'* when called upon by the county court, settle his accounts and pay over the amount, if any, of public money in his hands belonging to said county."

. This suit is brought to recover from the sheriff and his sureties a balance of county levy remaining in his hands after the payment of the various amounts allowed to the county creditors at the court of claims held in said county in October, 1862. The law makes it the duty of the various county courts in the State in the month of September in each year "to cause a settlement of the sheriff's or collector's accounts to be made and reported, and for that purpose shall appoint some competent person or commissioner; and upon receipt and approval of said court, shall make such order concerning the remainder of the money, if any, due to the county as they may deem necessary for its safe keeping." The county court can require the sheriff to pay over 90 per cent of the county levy upon their settlement in September and at the following January, a final settlement "shall be made and the sheriff shall pay over any balance in which he may be found indebted. (Amendment to article 2d, chapter 26, R. S., Vol. 1, page 26.) By the Act of February 9, 1864, Myer's Supplement, page 126, the county court, the commissioner and the sheriff are required to perform their several duties relative to the settlement of the county levy under the pain of heavy penalties. The final settlement of Vanarsdal should have been made in January, 1864. It appears from the record that the appointment of commissioners to settle with him was not made until April, 1867, and that this settlement was not reported and approved until March, 1868. It further appears that the court of claims laying the levy held in October, 1862, directed the sheriff to collect the same, and pay . the claims of county creditors "and retain the balance in his hands subject to the future orders of that court." The sureties of the sheriff rely upon these facts, as releasing them from liability to the county on account of such balance. The mere omission of the courts or officers whose duty it is to require collectors of public dues to make regular settlements and to account promptly for the public moneys in their hands, will not of itself discharge the sureties of the collector from liability. *U. S. v. Kirkpatrick, 9th Wheaton, 733; Keel v. Preston, 5th Monroe, 584.* But in this case there has been more than a mere omission upon the part of

the county court of Mercer county to discharge its duty relative to the county levy for 1863.

The order making the levy directed the sheriff to *"retain"* the balance after the payment of the county claims, subject to the future orders of the court. The sureties did not agree to be responsible for funds *"retained"* in the hands of their principal under order of the court. Their undertaking was that he would, when called upon, settle his accounts and pay over any amount remaining in his hands in obedience to the orders of the court. The laches of which they complain are not the result of mere omission or neglect of duty upon the part of the county court, but the legitimate consequences of an order made by the court of claims. The peculiar province of which is to transact the financial business of the county. By the action of the financial representatives of the people of Mercer county, the risk of Vanarsdal's sureties was increased without their consent, and the effect of the same was to release them from all liability on account of the balance of the county levy remaining in the sheriff's hands after January, 1864.

Wherefore, the judgment of the court below is reversed, and the cause remanded with instructions to dismiss the plaintiffs petition as to said sureties.

*Thompson, for appellant.*

*A Harding, Bell, for appellee.*